UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHAEL LAVERN MORRIS,
    Plaintiff,

vs.                                                          Case No.: 3:21cv187/MCR/EMT

COMMISSIONER COONROD, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Michael Lavern Morris (Morris) is an inmate of the Florida Department of Corrections (FDOC) proceeding pro se and in forma pauperis (IFP) in this civil rights action. The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b). Upon review of the record, the undersigned concludes that this case should be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1), because the factual allegations of the Complaint fail to state a plausible claim on which relief may be granted, and amendment of the Complaint cannot cure this deficiency.

I.   BACKGROUND

Morris commenced this case by filing a civil rights complaint on February 1, 2021 (ECF No. 1). Morris names the following five Defendants: (1) Malinda Coonrod, a Commissioner on the Florida Commission on Offender Review (FCOR); (2) Richard Davidson, a Commissioner on the FCOR; (3) Mark Inch, Secretary of the FDOC; (4) Michael Booker, Warden of Santa Rosa Correctional Institution; and (5) the FDOC's Bureau of Classification Management (*id.* at 1–3).[1] Morris claims that Defendants are violating his Fourteenth Amendment rights by failing to apply the incentive gain time he has been awarded (6,392 days) to his life sentence (*id.* at 6–8). Morris seeks an injunction requiring Defendants to apply the gain time (*id.* at 8). He also requests compensatory damages in the amount of $300 for each day he is imprisoned past his release date (*id.*).

II.   STATUTORY SCREENING STANDARD

The federal IFP statute and 28 U.S.C. § 1915A mandate that the district court dismiss an action filed by a prisoner proceeding IFP if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28

---

[1] The court refers to the page numbers automatically assigned by the court's electronic filing system, rather than the page numbers of the original document.

Case No.:   3:21cv187/MCR/EMT

U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). The court must construe a pro se plaintiff's allegations liberally. *Haines v. Kerner*, 404 U.S. 519 (1972). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The court may also consider documents attached to a complaint or incorporated into the complaint by reference, as well as matters of which a court may take judicial notice.[2] *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Saunders v. Duke*, 766 F.3d 1262, 1272 (11th Cir. 2014).

III. MORRIS' FACTUAL ALLEGATIONS

The facts included in this section are taken from Morris' Complaint and the documents attached thereto (ECF No. 1; ECF No. 1-1 (attachments)). Additionally,

---

[2] Federal Rule of Evidence 201 permits a court to "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

Case No.: 3:21cv187/MCR/EMT

the court takes judicial notice of Morris' state criminal judgment, a copy of which is attached to this Report and Recommendation (*see* attached Judgment).[3]

Morris was convicted in the Circuit Court in and for Duval County Florida, Case No. 93-2756, of first degree murder (*see* attached Judgment; *see also* FCOR Presumptive Parole Release Date Commission Action, ECF No. 1-1 at 1–2). On July 15, 1993, the state court sentenced Morris to life in prison without the possibility of parole for 25 years (*see* attached Judgment). The court awarded Morris 124 days of jail credit, thus causing his prison time to begin to run on March 13, 1993 (*see* attached Judgment; *see also* FCOR Presumptive Parole Release Date Commission Action, ECF No. 1-1 at 1–2).

On November 29, 2017, the FCOR reviewed Morris' case and established a Presumptive Parole Release Date (PPRD) of March 13, 2035, at which time Morris will have served 42 years of his life sentence (*see* FCOR Presumptive Parole Release Date Commission Action). The FCOR advised Morris that his next parole review

---

[3] Morris is hereby advised that if he disputes the accuracy of the facts taken from the attached Judgment, or if he otherwise wishes to be heard on the propriety of the court's taking judicial notice of those facts, he must do so in an objection to this Report and Recommendation. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 651–53 (11th Cir. 2020) (district court properly took judicial notice where petitioner had opportunity to object to report and recommendation after magistrate judge took judicial notice of dates from petitioner's state court dockets, but petitioner did not ask to be heard, dispute accuracy of judicially noticed facts, or indicate he lacked the ability to dispute state court dockets).

Case No.:  3:21cv187/MCR/EMT

date would be in July of 2024 (within seven years of the 2017 review) (*see* Compl. at 6; FCOR Presumptive Parole Release Date Commission Action).

Morris requested a sentence calculation from the FDOC, and apparently received it from the Bureau of Classification Management (Compl. at 6; Sentence Breakdown, ECF No. 1-1 at 15). According to the Sentence Breakdown, the FDOC calculated Morris' sentence as commencing on July 15, 1993 (the date it was imposed) (*see* Sentence Breakdown). The FDOC recorded the 124 days of jail time credit awarded by the sentencing court (*see id.*). The FDOC also recorded 6,392 days of additional/incentive gain time that Morris had earned, and 105 days of disciplinary time he apparently lost (*see id.*). The Sentence Breakdown states that Morris' Maximum Release Date is "Life," and his Tentative Release Date is "Life" (*see id.*).

Morris alleges the FCOR's establishment of a PPRD converted his life sentence into a "term of years" for purposes of Florida's gain time statute, Fla. Stat. § 944.275, and thus requires the FDOC to apply his earned incentive gain time to his PPRD to arrive at a tentative release date (*see* Compl. at 6–7). Morris filed an administrative grievance with Defendant Warden Booker (*see* Compl. at 6; Response, ECF No. 1-1 at 3). Warden Booker responded as follows:

Case No.:   3:21cv187/MCR/EMT

> An inmate sentenced to life imprisonment or to death is ineligible to have any type of gain time applied to the sentence. However, a monthly evaluation and gain time record is maintained on these inmates as if they are eligible, in the event the sentences are commuted to a determinate sentence.

(Response, ECF No. 1-1 at 3).

Morris filed an administrative appeal with Defendant Secretary Inch (*see* Compl. at 6; Request for Administrative Remedy or Appeal, ECF No. 1-1 at 4). Secretary Inch's representative, T. Bowden, responded as follows:

> Section 944.275(3)(a), F.S. requires the department to establish a tentative release date for each prisoner sentenced to a term of years. A "Life["] sentence lacks a specified term. As such, a "Life" sentence does not have an actual release date, because it is not possible to measure a person's life. Your printed monthly gain-time sheets will reflect "NOT APPLICABLE", per the change made to the Monthly Inmate Gain Time Notice.
>
> You are parole eligible and the Florida Commission on Offender Review has your next interview date set for 7/15/24, with a presumptive parole date of 3/13/35. Short of parole or the court modifying your sentence to a term of years you will remain in custody for the term of Life.

(Request for Administrative Remedy or Appeal, ECF No. 1-1 at 4).

Morris filed another administrative appeal with Secretary Inch's office (Response, ECF No. 1-1 at 5). Secretary Inch's representative, allegedly with the input of Defendant Bureau of Classification Management, responded as follows:

Case No.:   3:21cv187/MCR/EMT

> The response you received at the institutional level has been reviewed and is found to appropriately address the concerns that you raised at the institutional level as well as the Central Office level.

(Response, ECF No. 1-1 at 5).

IV.   DISCUSSION

Morris contends Warden Booker, Secretary Inch, and the Bureau of Classification Management inappropriately applied the 2019 version of Fla. Stat. § 944.275 to his 1993 sentence (Compl. at 6).   Morris also claims that Defendants' characterization of his sentence as indeterminate is erroneous, because the establishment of his PPRD transformed his life sentence into a determinate sentence (*id.* at 6–7).   Morris claims that Defendants are misconstruing § 944.275 by refusing to apply it to his sentence (*id.* at 8).   He requests an injunction "ending the unlawful withholding [of] lawfully awarded gain time" (*id.*).   Morris also requests compensation in the amount of $300.00 per day for each day he remains in prison beyond his release date (*id.*).

"Federal law opens two main avenues to relief on complaints related to imprisonment:  a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983.   Challenges to the validity of any confinement or to particulars affecting its duration

are the province of habeas corpus." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) (citation omitted). An inmate's challenge to the circumstances of his confinement may be brought under § 1983. *Id.*

Here, Morris' claims challenge the FDOC's calculation of the duration of his sentence. As such, his claims are properly brought in a habeas petition under § 2254, not a civil rights action under § 1983. On this ground, alone, Morris' Complaint is subject to dismissal for failure to state a claim on which relief may be granted.

Regardless, Morris' claims are without merit. Both the current and 1993 versions of Florida Statutes § 944.275 authorize the FDOC to grant deductions form sentences in the form of gain time in order to encourage satisfactory prisoner behavior. *See* Fla. Stat. § 944.275(1). The statute requires the FDOC to establish a "maximum sentence expiration date" for each prisoner "sentenced to a term of years." Fla. Stat. § 944.275(2)(a). The statute also requires the FDOC to establish a "tentative release date" for each prisoner "sentenced to a term of years," which shall be the date projected for the prisoner's release from custody by virtue of gain time granted or forfeited. Fla. Stat. § 944.275(3)(a). The statute additionally provides for the award of incentive gain time for each month in which a prisoner

Case No.:   3:21cv187/MCR/EMT

works diligently, participates in training, uses time constructively, or otherwise engages in positive activities. *See* Fla. Stat. § 944.275(4)(b). The statute also provides for the forfeiture of gain time when a prisoner is found guilty of an infraction of the FDOC's disciplinary rules. *See* Fla. Stat. § 944.275(5).

Here, it is undisputed that Morris was sentenced to life in prison, not to a term of years. The FCOR's establishing a PPRD did not change that. Florida law does not require or authorize the FDOC to apply gain time to Morris' life sentence. As Defendants told Morris, the FDOC records his gain time so that it may be applied in the event his life sentence is commuted to a determinate sentence.

Morris' factual allegations fail to state a plausible Fourteenth Amendment claim against any Defendant, and there is no indication that providing Morris an opportunity to amend his complaint would produce a pleading which states a plausible constitutional claim. Therefore, the undersigned recommends that this action be dismissed for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

Accordingly, it is respectfully **RECOMMENDED**:

1. That this action be **DISMISSED with prejudice**, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

Case No.:   3:21cv187/MCR/EMT

2.	That the clerk of court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida this 19th day of May 2021.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**